Filed 9/24/15  P. v. Hunter CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LEROY DEWITT HUNTER,<br><br>    Defendant and Appellant. | F069124<br><br>(Super. Ct. No. BF151583A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush and Colette M. Humphrey, Judges.[†]

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Gomes, Acting P.J., Kane, J. and Smith, J.

[†]      Judge Bush presided over appellant's motion to suppress; Judge Humphrey presided over appellant's sentencing hearing.

# INTRODUCTION

On November 21, 2013, defendant was charged with driving under the influence (count 1; Veh. Code, § 23153, subd. (a)), driving with a blood alcohol content of 0.08 percent or more, causing bodily injury (count 2; § 23153, subd. (b)), driving under the influence within 10 years of three or more convictions for driving under the influence (count 3; §§ 23152, subd. (a), 23550), driving with a blood alcohol content of 0.08 percent or more within 10 years of three or more convictions for driving under the influence (count 4; §§ 23152, subd. (b), 23550), felony driving under the influence with prior convictions (count 5; §§ 23152, subd. (a), 23550.5), felony driving with a blood alcohol content of 0.08 percent or more with prior convictions (count 6; §§ 23152, subd. (b), 23550.5), and driving with a suspended license (count 7, § 14601.2, subd. (a)). The information also alleged two prior strikes and a number of sentencing enhancements, including three prior prison term enhancements.

Prior to trial, defendant filed a motion to suppress the results of a nonconsensual blood alcohol screen, on the grounds it had violated his Fourth Amendment right to be free from unreasonable search and seizure. Following a hearing, the trial court denied the motion, finding that defendant's status as a parolee made him subject to nonconsensual blood draw. Defendant then pled no contest to counts 2 and 7, and admitted his two prior strikes and one prior prison term enhancement. The remaining charges and enhancements were dropped, and the trial court struck one prior strike in the interests of justice. Defendant was sentenced to an aggregate term of seven years in prison.

On appeal, defendant argues the trial court erred by denying his motion to suppress, as the nonconsensual blood draw violated his Fourth Amendment rights. We affirm.

2.

# FACTS[1]

On April 24, 2012, Lucinda Ferris was driving through an intersection when her vehicle was struck by a car being driven by defendant. Officer Rex Davenport responded to the scene of the accident and, upon approaching defendant's vehicle, observed defendant moaning and pointing to his chest. Davenport also noticed the odor of intoxicants coming from defendant's breath and person.

Using defendant's identification card, Davenport learned he was on active parole for driving under the influence. Davenport relayed that information to a second officer on the scene, Richard Bittleston, who then followed the ambulance transporting defendant to the hospital, where defendant was placed under a parole hold.

At the hospital, Bittleston attempted to administer field sobriety tests and a preliminary breath test to defendant, but defendant refused. Bittleston then asked if defendant would provide a blood sample, but defendant again refused. A hospital employee then administered a nonconsensual blood draw, and defendant was subsequently placed under arrest.

## DISCUSSION

Defendant argues the trial court erred by denying his motion to suppress his blood test, as the involuntary blood draw violated his Fourth Amendment right to be free from unreasonable searches and seizures. We disagree.

Under California law, parolees are "subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause." (Pen. Code, § 3067, subd. (b)(3).) Such a search only violates a parolee's Fourth Amendment rights if it is "arbitrary, capricious, or harassing." (*People v. Schmitz* (2012) 55 Cal.4th 909, 916.)

---

[1] As the instant case did not go to trial, and defendant does not contest the sufficiency of the evidence, the facts in this case are drawn from testimony supplied at the hearing on defendant's motion to suppress.

Here, it is undisputed that defendant was on parole at the time of his blood draw, and given defendant's signs of intoxication it cannot seriously be asserted that the decision to test defendant's blood for alcohol was "arbitrary, capricious, or harassing." Accordingly, the seizure of defendant's blood in this case did not violate the Fourth Amendment.

Defendant seeks to avoid this result by noting that his parole agreement specifically stated he was subject to breath and urine tests for alcohol, but was silent as to blood tests. According to defendant, this means the extraction of a blood sample was outside the terms of his parole, and violated the Fourth Amendment. We must reject this argument. While the conditions of defendant's parole do indeed state he is subject to breath and urine analysis for alcohol, those conditions also state he is subject to search and seizure at any time, with or without a search warrant, or with or without cause. We do not find that the alcohol testing provisions of defendant's parole agreement override the blanket parole condition subjecting parolees to searches, as doing so would mean requiring law enforcement officers to be familiar with the entirety of a subject's parole agreement prior to initiating a search, lest they incidentally violate a particular subcondition of that agreement. Such a requirement is contrary to California law. Indeed, mere knowledge of a suspect's parole status, and not the specific terms of that parole, is sufficient to justify a warrantless parole search. (*People v. Middleton* (2005) 131 Cal.App.4th 732, 738.)

Given defendant's parole status, we find the blood draw in this case to be reasonable under the Fourth Amendment. Because we find the search reasonable on the basis of defendant's parole status, we need not consider defendant's claim that the search was not justified by exigent circumstances.

## DISPOSITION

The judgment is affirmed.

4.